**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Richi Briones,<br>Plaintiff<br>v.<br>Oliver Rodgers, et al.,<br>Defendants | Case No.: 2:26-cv-00371-JAD-NJK<br>**Order Screening and Dismissing Complaint with Leave to Amend by September 28, 2026**<br>[ECF Nos. 1-1, 6] |

Plaintiff Richi Briones brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights were violated when he was not provided adequate medical care for various medical issues."[1] Because Briones applies to proceed *in forma pauperis*,[2] I screen the complaint under 28 U.S.C. § 1915A. I find that he has not pled a colorable claim of deliberate indifference to a serious medical need, and I dismiss the complaint without prejudice and with leave to amend by **September 28, 2026**.

## Background

### A. Briones's factual allegations[3]

Briones is an inmate at Nevada's High Desert State Prison. He alleges that in May 2024 he was taken to the emergency room at Sunrise Hospital because he was suffering from liver failure.[4] He was diagnosed with chronic active hepatitis. His liver still hurts and is not functioning well. Warden Oliver oversees the medical department at High Desert State Prison.

---

[1] ECF No. 1-1.

[2] ECF No. 7.

[3] This is a summary of allegations and should not be taken as findings of fact.

[4] ECF No. 1-1 at 3.

Defendants Dzurenda, Williams, and Dr. John Doe will not pay to treat Briones's hepatitis even though there is a cure for it. Briones continues to suffer from ongoing liver pain, and the pain prevents him from taking his prescribed medication.

While Briones was in the hospital for liver failure, he developed two blood clots in his left arm.[5] Ever since his discharge, "Briones has been experiencing expanding and contracting of his heart," and according to his medical records, he has "speckled congenital heart blockage." Briones has not received any updates on his condition or an ultrasound for his heart. The HDSP medical department will not see him for any reason because of his civil-rights litigation. Briones has written kites and grievances, and he has notified staff, all to no avail. Briones suffers pain when his heart contracts.

During his hospital stay, Briones also received an immunology report showing that he has cancer.[6] Due to the severity of his cancer, Briones needs an immediate medical diagnosis and radiation treatment. The defendants have not responded to his kites or grievances. He is deprived of medical care because of the cost to the prison. Briones is afraid to write grievances because other inmates consider grievances to be "snitching," and they have threatened him. Briones also has a brain cyst, which may be the origin of his cancer. He also has a swollen prostate, which needs an ultrasound and follow-up care.

**B. Briones's claims**

Based on these events, Briones claims that the defendants violated the Eighth Amendment, the Fourteenth Amendment, and the Americans with Disabilities Act (ADA).[7]

---

[5] *Id.* at 4.

[6] *Id.* at 5.

[7] *Id.* at 3–5.

Briones names Oliver Rodgers, James Dzurenda, John Doe Medical Director, John Doe Medical Doctor, Silber, and Kenneth Williams as defendants.[8] He seeks damages and injunctive relief in the form of medical care.

## Discussion

### A. Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[9] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[10] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[11]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[12] In making this determination, the court takes all allegations of material fact as true and construes them in

---

[8] On the first page of the complaint, Briones lists "Medical Director Doe." ECF No. 1-1 at 1. However, on the second page of the complaint he lists defendant Kenneth Williams as the medical director, and he refers to him as such in the body of the complaint. Thus, it appears that defendants John Doe Medical Director and Kenneth Williams are the same person.

[9] *See* 28 U.S.C. § 1915A(a).

[10] *See* 28 U.S.C. § 1915A(b)(1)(2).

[11] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[12] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

the light most favorable to the plaintiff.[13] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[14] but a plaintiff must provide more than mere labels and conclusions.[15] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[16] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[17]

**B. Analysis of claims**

***1. Briones does not state a colorable Eighth Amendment Claim.***

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[18] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[19] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[20]

---

[13] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[14] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[17] *Id.*

[18] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[19] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[20] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[21] To satisfy the deliberate-indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[22] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[23] (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, he must show that the delay led to further injury.[24]

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[25] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983."[26] "Supervisory liability exists even without overt personal participation in the offensive act if

---

[21] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[22] *Id.*

[23] *Id.*

[24] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[25] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[26] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"[27]

Based on the allegations in the complaint, Briones had several serious medical issues, but he does not allege specific facts about how any of the defendants are involved in his medical care. Briones vaguely asserts that defendants Rodgers, Dzurenda, Williams, and John Doe were collectively responsible for the alleged failure to provide him treatment for his hepatitis, but he does not clearly state what role any of them played in his medical care. He states that he was not provided with medical care because of the cost to the prison, yet he does not clearly allege who was responsible for denying him medical care based on the cost. The vague allegations that a group of defendants was collectively responsible for the alleged failure to provide Briones medical care does not support that any individual defendant was deliberately indifferent to Briones's serious medical needs. Nor do the vague allegations provide sufficient detail to support a supervisory liability claim against any defendant. So I dismiss Briones's claim for deliberate indifference to a serious medical need without prejudice and with leave to amend. To state a colorable claim in any amended complaint, Briones will need to provide more specific details about each individual defendant and how each individual defendant's actions or inactions violated his rights.

***2. Briones does not state a colorable Fourteenth Amendment Claim.***

Briones does not explain his Fourteenth Amendment claim. As a convicted prisoner, his right to medical care is grounded in the Eighth Amendment's prohibition on cruel and unusual punishment, not the Fourteenth Amendment. However, Briones alleges that the defendants have violated various prison regulations by failing to provide him medical care. Therefore, I liberally

[27] *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

construe the complaint as bringing a due-process claim based on alleged violations of prison regulations.

Unfortunately, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause.[28] I dismiss any due process claim based solely on violations of state regulations with prejudice, as amendment would be futile. If Briones intended to bring any other due process claim, he may bring that claim in an amended complaint. However, if Briones wishes to bring a due process claim in any amended complaint, he must clearly explain the basis of the claim.

***3. Briones does not state a colorable ADA claim.***

The ADA, 42 U.S.C. § 12132, applies in the prison context.[29] Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[30] A prison inmate states a colorable claim under the ADA if he alleges that he was "improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap."[31]

The Ninth Circuit has held that "the ADA prohibits discrimination because of disability, not inadequate treatment for disability."[32] "Courts hold that allowing prisoners to utilize the ADA

---

[28] *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (holding that "a 'mere error of state law' is not a denial of due process").

[29] *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1063 (9th Cir. 2010).

[30] 42 U.S.C. § 12132.

[31] *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997).

[32] *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1022 (9th Cir. 2010).

and RA as causes of action for not receiving medical treatment is simply making 'an end run around the Eighth Amendment.'"[33]

In Count II, Briones states that the medical department at HDSP has refused to see him for any reason, which constitutes discrimination under the ADA. But he also states that they have refused to see him "due to his civil rights." Although the complaint is not entirely clear, it appears that Briones is alleging that they have refused to see him because of his civil-rights litigation, so they are not discriminating against him based on his disability. None of the allegations in the complaint support that anyone has discriminated against Briones because of his disability. Therefore, he fails to state a colorable ADA claim, and I dismiss this claim without prejudice.

***4. Briones's claims may not be properly joined.***

Because the complaint does not include specific allegations about any defendant, it is not clear whether all the claims are properly joined in a single complaint. A basic lawsuit is a single claim against a single defendant. Rule 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." **However, unrelated claims that involve different defendants must be brought in separate lawsuits**.[34] These rules are not only intended to avoid confusion that

---

[33] *King v. Calderwood*, 2:13-cv-02080-GMN-PAL, 2015 WL 4937953, at *2 (D. Nev. Aug. 19, 2015) (citing *Deeds v. Bannister,* 3:11-cv-00351-LRH-VPC, 2013 WL 1250343, at *5 (D. Nev. Jan. 8, 2013)).

[34] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner").

arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Claims may not be joined merely because they occurred in the same jail, the violators had the same supervisor, or the claims are based on the same type of constitutional violation.

Briones brings claims based on the alleged failure to treat three separate medical issues. Each of these issues is distinct, so the claims about them are not properly joined under Rule 20 unless they are all against the same defendant. However, the complaint does not include any allegations against any defendant in either Count II or Count III. Thus, it is not clear whether or not Briones's claims are all against the same defendant.

I advise Briones that each claim that is raised in any first amended complaint must be permitted by either Rule 18 or Rule 20. Briones may state a single claim against a single defendant. He may then add any additional claims to his action that are against the same defendant under Rule 18. Briones may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

**C. Leave to Amend**

I grant Briones leave to file a first amended complaint if he can cure the deficiencies identified in this order. If he chooses to file an amended complaint, he is advised that an amended complaint replaces any previously filed complaints, so the amended complaint must be

complete in itself.[35] This means that Briones's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Briones must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." He must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. **He must file the amended complaint by September 28, 2026.**

**D. Motion for Appointment of Counsel**

Like many prisoners who file civil-rights claims, Briones asks the court to find and appoint him a free lawyer.[36] A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights claims.[37] The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances."[38] "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the

---

[35] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[36] ECF No. 6.

[37] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[38] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action).

petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."[39] "Neither of these considerations is dispositive and instead must be viewed together."[40]

In his motion, Briones states that he is severely disabled and mentally ill. He also states that he was born with a birth defect and was exposed to cyanide while working on a chemical-piping job. As a result, Briones now suffers from auditory and visual hallucinations. I do not find exceptional circumstances at this time. Briones has not stated any colorable claims because he has not provided specific details about any defendants' involvement in the alleged violations. Regardless, his claims appear to be fairly straightforward, and, other than the lack of detail about each individual defendant, Briones has cogently put forward the facts of the case. Accordingly, I do not find exceptional circumstances warranting appointment of counsel at this time, and I deny the motion without prejudice.

**Conclusion**

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 7) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to

- **FILE** the complaint (ECF No. 1-1); and
- **SEND** Briones the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that

- Briones's claim of deliberate indifference to a serious medical need and his ADA claim are dismissed without prejudice and with leave to amend;

---

[39] *Id.*

[40] *Id.*

- Any due-process claim based solely on violations of state law is dismissed with prejudice, as amendment would be futile; and
- If Briones wishes to bring a different due-process claim in any amended complaint, he may do so, but he must clearly explain the basis for any due-process claim.

IT IS FURTHER ORDERD that Briones's motion for appointment of counsel **(ECF No. 6) is DENIED** without prejudice.

If Briones chooses to file an amended complaint, he must use the approved form, and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order. **If Briones does not file an amended complaint, by September 28, 2026, this action will be subject to dismissal.**

Dated: August 28, 2026

U.S. District Judge